UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEQUAN REYES,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>CITY OF NEW YORK; LOUIS MOLINA; ERIC ADAMS; C.O. MCNIEL; C.O. WINOSKI, Shield 5460; KEVIN YOUNG; C.O. PRESTON RITTER; ADW HARRIS; GRVC WARDEN CORT; ADW GREN; CHARLETON LEMON; CAPT. LEFLUER; CAPT. RIVERA, Shield 1230; WARDEN COLLINS, WEST FACILITY; DW TIFFANY MORALES; JONELL SHIRVRAJ; LISA BARNABY; JOANNE MATOS; JOHN DOE OFFICER from May 18, 2021; JOHN DOE OFFICER from Oct. 10, 2022; JOHN DOE OFFICER; JOHN DOE CAPTAIN from clinic violation; DW WARDEN TYRONE CARTER; C.O. FARRINAS; C.O. COX; CAPT. PALMERO, Shield 1888; C.O. RODRIGUEZ, Shield 9067; C.O. ADAMS; CAPTAIN GUAN; C.O. BRANCH; THOMAS GRIFFIN,<br><br>                              Defendants. | 23 Civ. 1145 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

       Plaintiff, who is currently incarcerated at the George R. Vierno Center (GRVC), brings this *pro se* action under 42 U.S.C. § 1983, and other federal and state law. He asserts claims arising, since 2021, during his incarceration at GRVC and West Facility on Rikers Island. Plaintiff sues numerous officers and employees of the New York City Department of Correction (DOC), including John Doe defendants, as well as the City of New York, and New York City Mayor Eric Adams. By order dated February 15, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## DISCUSSION

A.    **Claims against DOC Officials and Employees**

The Clerk of Court is directed to notify the New York City DOC and the New York City Law Department of this order.  The Court requests that the following defendants waive service of summons: City of New York; Louis Molina; C.O. McNiel; C.O. Winoski (Shield 5460); Kevin Young; C.O. Preston Ritter; Assistant Deputy Warden Harris; GRVC Warden Cort; Assistant Deputy Warden Green (sued as Gren); Charleton Lemon; Capt. Le Fleur (sued as Le Fluer); Capt. Rivera (Shield 1230); West Facility Warden Collins; Deputy Warden Tiffany Morales (sued as Moarles); Jonelle Shirvraj; Lisa Barnaby; Joanne Matos; Deputy Warden Tyrone Carter; C.O. Farrinas; C.O. Cox; Capt. Palmero (Shield 1888); C.O. Rodriguez (Shield 9067); C.O. Adams; Captain Guan (Shield #367); C.O. Branch; and Thomas Griffin.

B.    **Service on New York City Mayor Eric Adams**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013) (citing 28 U.S.C. § 1915(d)); § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service.  *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  *But see Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information

necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Eric Adams through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant.

**C.     Claims against John Doe Officer**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City DOC to identify the John Doe defendants, including: (1) the John Doe Officer(s) described in the May 18, 2021 incident (ECF 2 at 9); (2) John Doe Officer(s) alleged to have fomented an inmate assault on Plaintiff on Oct. 10, 2022 (*id.* at 11); and (3) the John Doe Officer and John Doe Captain present during Plaintiff's medical clinic visit on or about October 13, 2022 (*id.* at 12).

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[1] The New York

---

[1] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, New York City Law Department must provide a residential address where the individual may be served.

City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s).  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form for Plaintiff to complete after he receives this information is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order asking defendants to waive service.

**D.     Court-ordered discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#)  Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[2]

**E.     Referral to NYLAG**

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and who do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group (NYLAG); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which any *pro se* party must still make through the Pro Se Intake Unit).

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant.  It may take up to two weeks after receipt for the Clinic to contact the litigant.  Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to electronically notify the New York City DOC and the New York City Law Department of this order.  The Court requests that the following Defendants waive service of summons: City of New York; Correction Officers Preston Ritter, Farrinas, Cox; Adams, McNiel, Branch, Winoski (Shield 5460), Rodriguez (Shield 9067); GRVC Warden Cort; West Facility Warden Collins; Assistant Deputy Wardens Harris and Green; Deputy Wardens Tyrone Carter and Tiffany Morales; Captains Guan (Shield #367), Rivera (Shield 1230), Palmero (Shield 1888); and Le Fleur;  Jonelle Shirvraj; Lisa Barnaby; Joanne Matos; Charleton Lemon; Louis Molina; Kevin Young; and Thomas Griffin.

The Clerk of Court is further directed (1) to mail a copy of this order and the complaint to New York City Law Department at: 100 Church Street New York, NY 10007; and (2) to issue a summons for Defendant Eric Adams, complete the USM-285 forms with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

 An "Amended Complaint" form and NYLAG forms are attached to this order. Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 4, 2023
        New York, New York

                                              LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE

## DEFENDANTS AND SERVICE ADDRESSES

1. Mayor Eric Adams
   New York City New York City Law Department
   100 Church Street
   New York, NY 10007



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____
Signature                                          Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

**NYLAG** — New York Legal Assistance Group

Revised 10/30/22

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

### How did you hear about our clinic? (Circle One)

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

### Ethnicity (Circle One)

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

### Education Level (Circle One)

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**