

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**INNA SHAPOVALOVA**
*Senior Counsel*
Phone: (212) 356-2656
Fax: (212) 356-3509
Email: inshapov@law.nyc.gov

May 24, 2023

**BY ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

          Re: <u>DeQuan Reyes v. City of New York, et al.</u>
             23 Civ. 01145 (LGS)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendant the City of New York ("defendant") in the above-referenced matter.[1] Defendant respectfully writes pursuant to the Court's May 16, 2023 Order. Although the undersigned attempted to confer with plaintiff via telephone on May 19, 2023 in order to include plaintiff's portions of the joint letter as required by the Court's April 17, 2023 Order, the plaintiff was not produced and the undersigned was unable to confer with plaintiff prior to the filing of this letter. Accordingly, pursuant to the Court's May 16, 2023 Order, defendant respectfully submits only defendant's portions of the letter.

    **(1)**   **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

        a. *Defendant City's Statement:*

---

[1] This case has been assigned to Assistant Corporation Counsel Esther Kim, who is awaiting admission to the New York Bar. Ms. Kim is handling this matter under my supervision and may be reached at (212) 356-2340 or eunkim@law.nyc.gov.

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging *inter alia*, retaliation, negligence, deliberate indifference to medical care, a First Amendment violation, and municipal liability claims arising from incidents on or about May 18, 2021 until on or about January 23, 2023. In his Amended Complaint, plaintiff names the City of New York and thirty-nine (39) individuals as defendants in this action. Specifically, plaintiff alleges *inter alia*, that, on or about May 18, 2021, plaintiff was assaulted by DOC correction officers, which caused plaintiff to sustain an injury to his pointer finger. See ECF No. 7 at 15. Plaintiff further alleges that, on or about July of 2021, plaintiff gave his signed stimulus check to the mailroom officer to be sent to his family, but that his family never received the check. See ECF No. 7 at 16. Plaintiff further alleges that, on or about October 2021, DOC correction officers retaliated against plaintiff for filing grievances, that on or about October 10, 2022, plaintiff was assaulted by other inmates and injured, and that on or about October 11, 2022, plaintiff alleges Correction Officer Ritter entered plaintiff's cell with a scalpel and told plaintiff to swallow it, to which plaintiff did and resulted in severe pain for which plaintiff then requested medical attention and was denied. See ECF No. 7 at 9 – 10.

Additionally, plaintiff appears to allege other incidents of retaliation by DOC officers, denial of medical attention and medical privacy, denial of religious texts and meals, recreational restrictions, and sexual harassment between May 18, 2021 and January 23, 2023. Plaintiff's claims as alleged in his Amended Complaint span a total of 225 pages, with attached exhibits, including purported grievances submitted by plaintiff to DOC, dispositions issued for plaintiff's submitted grievances, purported excerpts of plaintiff's medical records, copies of charts of purported food service portion control sheets by DOC, and purported security inspection time sheets by DOC.

    b. *Principal Defenses:*

Defendant City contends that plaintiff's municipal liability claims should be dismissed for failure to state a claim upon which relief can be granted. As to plaintiff's state law claims, plaintiff may have failed to meet conditions precedent to suit pursuant to N.Y. Gen. Mun. Law §§ 50-e, 50-h and 50-i(1) as, upon information and belief, no 50-h hearings have been held concerning the incidents alleged in the Amended Complaint. "[N]o action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter." N.Y. Gen. Mun. Law § 50-h(5). Additionally, defendant is investigating as to whether a timely notice of claim was served on the City pursuant to N.Y. Gen. Mun. L. § 50-e with respect to each of the incidents for which plaintiff purports to bring state law claims.

    c. *Major legal and factual issues that are most important to resolving the case:*

Defendant City contends that, upon initiation of discovery and an investigation of plaintiff's claims, relevant issues that are most important to resolving this case include, *inter alia*, whether plaintiff properly met the required conditions precedent for filing this suit and whether the named individual defendants had any personal involvement in the incidents alleged in the Amended Complaint.

**(2)** **A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, explaining why Plaintiff believes this matter is properly brought before this Court, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue**

   a.   *Defendant City's Statement:*

Defendant City does not dispute subject matter jurisdiction and venue.

**(3)** **A brief description of any (i) motions that have been made and decided, (ii) motions any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the status conference**

There are currently no outstanding motions by the parties; however defendant City anticipates filing a motion for summary judgment following the close of discovery on the grounds of, *inter alia,* failure to establish municipal liability, failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, and failure to meet conditions precedent to suit pursuant to N.Y. Gen. Mun. Law § 50-e. Additionally, the undersigned respectfully notes that a number of the individual defendants may have grounds for a partial motion to dismiss on the grounds of lack of personal involvement, however this Office does not represent the individual defendants at this time.

**(4)** **A copy of any scheduling order currently in place and a brief description of any discovery that has already taken place, and any discovery that should be prioritized to determine whether the case should be settled and for how much, or tried**

At this time, no discovery has taken place. Defendant believes that the deposition of plaintiff DeQuan Reyes would be helpful to evaluate this matter for settlement.

**(5)** **A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii)**

None at this time.

**(6)** **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference**

The parties have not yet engaged in settlement discussions.

**(7)** **Any other information that the parties believe may assist this Court in resolving the action**

None at this time.

3

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

***Inna Shapovalova***

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

cc: **BY FIRST-CLASS MAIL**
DeQuan Reyes
*Plaintiff pro se*
4411-804-847
Rikers Island: G.R.V.C.
09-09 Hazen Street
East Elmhurst, NY 11370