**MEMO ENDORSED**



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ALEXANDRA CORSI
*Senior Counsel*
Phone: (212) 356-3545
Fax: (212) 356-3509
Email: acorsi@law.nyc.gov

November 9, 2023

**BY ECF**
Honorable Dale E. Ho
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: DeQuan Reyes v. City of New York, et al.
  23 Civ. 01145 (DEH)

Your Honor:

I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants the City of New York, Eric Adams, Charlton Lemon, Louis Molina, Preston Ritter, Przemyslaw Wobsik, Kevin Young, Jimmy Guan, Thomas Griffin, Tyrone Carter, Antoinette Cort, Willie McNeil, Tyneka Greene, Moise Rivera, Joanne Matos, and Tiffany Morales ("defendants") in the above-referenced matter.[1] Defendants write to respectfully request: (1) a thirty (30) day extension of time from November 9, 2023 to December 11, 2023 to file their anticipated motion to dismiss pursuant to Rule 8(a) and 12(f) of the Federal Rules of Civil Procedure *in lieu* of filing an Answer; and (2) that the Court *sua sponte* grant defendants Dawlin Rodriguez, Diashawn Harris, and Abraham Palermo a corresponding extension to file their response to the complaint, which may also be a motion to dismiss pursuant to Rule 8(a) and 12(f). This is the first request of this kind, and because plaintiff is proceeding *pro se* in this matter and is currently incarcerated, Ms. Kim was unable to contact plaintiff for his consent to this request.

---

[1] This case has been assigned to Assistant Corporation Counsel Esther Kim, who was recently admitted to the New York bar, and is presently awaiting admission to the Southern District of New York. Ms. Kim is handling this matter under my supervision and may be reached at (212) 356-2340 or eunkim@law.nyc.gov.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging *inter alia*, retaliation, negligence, deliberate indifference to medical care, a First Amendment violation, and municipal liability claims arising from incidents on or about May 18, 2021 until on or about May 18, 2023. See ECF Nos. 7 and 41. In addition to the City and Mayor Eric Adams, plaintiff also names 38 individuals as defendants in his 271 page Second Amended Complaint. See ECF Nos. 7 and 41.

To the extent the Court requires a formal motion, defendants now seek a thirty (30) day extension, until December 11, 2023 to submit a formal motion to dismiss pursuant to Rules 8(a)(2) and 12(f) due to plaintiff's failure to comply with the federal rules. As Your Honor is aware, it is required that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 41 (2d Cir. 1988); Da Costa v. Marcucilli, 675 F. App'x 15, 16 (2d Cir. 2017); Kalderon v. Finkelstein, 495 F. App'x 103, 105 (2d Cir. 2012). The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Bender v. City of New York, 09-CV-3286, 2011 U.S. Dist. LEXIS 103947, at *4-5 (S.D.N.Y. Sept. 14, 2011) (quoting Shabtai v. Levande, 38 Fed. Appx. 684, 686 (2d Cir. 2002) (citations omitted)).

While *pro se* complaints are generally liberally interpreted by courts, "'the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.'" Middleton v. United States, 10-CV-6057, 2011 U.S. Dist. LEXIS 152955, at *8, (E.D.N.Y. June 28, 2011) (Report & Recommendation adopted by U.S. Dist. LEXIS 15117 (E.D.N.Y. February 7, 2012) (quoting Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004). When a complaint is not short and plain, the Court has the power to strike any portions that are redundant or immaterial, or to dismiss the complaint. See Fed. Rule Civ. P. 12(f); Salahuddin, 861 F.2d at 42 (stating that it was within the discretion of the District Court to dismiss pro se plaintiff's 15 page, single-spaced complaint – which the Court deemed to contain "a surfeit of detail" – for failure to comply with Rule 8). "Dismissal is appropriate when the complaint is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Middleton, 2011 U.S. Dist. LEXIS 152955, at *8 (quoting Salahuddin, 861 F.2d at 42) (citing Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 527-28 (2d Cir. 2005) (affirming dismissal of a pro se complaint as unintelligible)).

Plaintiff's Second Amended Complaint is both hand-written and typed and extends to 271 single-spaced pages, including exhibits, and largely consists of run-on sentences of which plaintiff presents unorganized, confusing, and at times illegible allegations that are repeated and identical. See generally ECF Nos. 7 and 41. Plaintiff purports to attach forty-four (44) exhibits extending his complaint by an additional 166 pages. See generally id. Plaintiff makes various references to these exhibits throughout his Second Amended Complaint, however, the relevance of many of these exhibits is unclear. Further, in plaintiff's Second Amended Complaint, he repeats identical sentences of his allegations and several pages of the Second Amended Complaint appear to be duplicates. See generally id.

For the foregoing reasons, defendants respectfully request: (1) a thirty (30) day extension of time from November 9, 2023 to December 11, 2023 to file their anticipated motion to dismiss pursuant to Rule 8(a) and 12(f) of the Federal Rules of Civil Procedure *in lieu* of filing an Answer; and (2) that the Court *sua sponte* grant defendants Dawlin Rodriguez, Diashawn Harris, and Abraham Palermo a corresponding extension to file their response to the complaint. Should the Court be inclined to grant this request, defendants respectfully propose the following briefing schedule:

|  |  |
|---|---|
| Opening Brief: | December 11, 2023 |
| Opposition: | January 10, 2024 |
| Reply: | January 24, 2024 |

Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ *Alexandra Corsi*

Alexandra Corsi
*Senior Counsel*
Special Federal Litigation Division

cc:   **BY FIRST-CLASS MAIL**
DeQuan Reyes
*Plaintiff pro se*
4411-804-847
Rikers Island: G.R.V.C.
09-09 Hazen Street
East Elmhurst, NY 11370

Application **GRANTED IN PART.** Defendants' request is untimely under Individual Rule 2(e)(ii), which requires all requests for an extension of time to be made at least two business days prior to the relevant deadline. Defendants' letter states that their request for an extension of time is the first request of its kind. However, orders issued September 8, 2023, and October 10, 2023, granted two previous requests for an extension of time to answer, move, or otherwise respond to Plaintiff's Second Amended Complaint. All Defendants shall answer, move, or otherwise respond to the operative Complaint by **December 8, 2023.** If Defendants move to dismiss, Plaintiff may, but is not required to, file a letter or brief in response by **January 19, 2024.** Plaintiff is apprised that as a pro se litigant, his submissions will be construed liberally to raise the strongest arguments that they suggest. Defendants shall file any reply by **February 2, 2024.** In light of the procedural history of this case, Defendants are apprised that any further extensions are unlikely to be granted. So Ordered.

Dale E. Ho
United States District Judge
Dated: November 13, 2023
New York, New York