UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEQUAN REYES,

        Plaintiff,

v.

THE CITY OF NEW YORK, et al.,

        Defendants.

23 Civ. 1145 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

On February 9, 2023, Plaintiff initiated this action by filing the Complaint. *See* ECF No. 2. On March 23, 2023, Plaintiff filed a First Amended Complaint. *See* ECF No. 7. An order issued on June 29, 2023, following the initial pretrial conference, directed Plaintiff to either file "any additional pages that Plaintiff would like to add to the Complaint" or a Second Amended Complaint to replace the First Amended Complaint. *See* ECF No. 38. An order issued July 24, 2023, construed a mailing from Plaintiff attaching additional pages describing his claims as a letter motion seeking leave to amend and granted that motion. *See* ECF No. 41. That order held that the Second Amended Complaint, the operative pleading in this case, consists of the First Amended Complaint and the additional pages attached to the July 24, 2023, order. *See id.*

On October 20, 2023, this case was reassigned to the undersigned. *See* Min. Entry, Oct. 20, 2023. On December 8, 2023, Defendants moved to dismiss the Second Amended Complaint. *See* ECF No. 52. In response, Plaintiff filed a letter which the Court construed as a request for leave to further amend in the event that Defendants' motion is granted. *See* ECF No. 59.

Rule 8[1] requires that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

P. 8(a).  "[W]hen a complaint does not comply with the requirement that it be short and plain, the court has the power . . . to strike any portions that are redundant or immaterial, or to dismiss the complaint."  *Riles v. Semple*, 763 F. App'x 32, 34 (2d Cir. 2019).[2]  "[D]ismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).  Because Plaintiff proceeds *pro se*, his submissions are construed liberally and interpreted to raise the strongest arguments that they suggest.  *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022).  "[I]n *pro se* cases . . . dismissal is disfavored unless the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Kalderon v. Finkelstein*, 495 F. App'x 103, 106 (2d Cir. 2012).

Even in light of the special solicitude afforded to the submissions of *pro se* litigants, the Second Amended Complaint does not comply with Rule 8's requirement to provide a short and plain statement of Plaintiff's claims.  It consists of 270 pages, with various exhibits interspersed with Plaintiff's factual allegations.  *See* ECF Nos. 7, 41.  It includes details regarding a variety of incidents over a period of at least three years relating to Plaintiff's incarceration at the George R. Vierno Center ("GRVC").  *See id.*  The Second Circuit has found that much shorter complaints fail to comply with the requirements of Rule 8.  *See, e.g.*, *Kalderon*, 495 F. App'x at 105 ("Kalderon's rambling, 126–page complaint . . . was neither short nor plain, and contained factual allegations that were often repetitive, inconsistent, and contradicted by documents referenced within it.  . . . [T]he District Court would have acted well within its discretion in dismissing the complaint (with leave to replead) for failure to comply with Rule 8(a)(2) . . . .");

---

[2] In all quotations from cases, internal quotation marks, brackets, ellipses, citations, footnotes, and other modifications are omitted unless otherwise indicated.

*Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir.2006) ("The District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a). The pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain."); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) ("Salahuddin's complaint fails to comply with Rule 8's short and plain statement requirement.  It spans 15 single-spaced pages and contains explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contains a surfeit of detail.").  Irrespective of its length, the Second Amended Complaint does not provide Defendants with fair notice of the claims asserted against them: even though it contains factual allegations regarding specific incidents at GRVC, these allegations are contained within a multitude of unclear or unrelated statements.  Accordingly, the Second Amended Complaint fails to comply with Rule 8(a)(2)'s requirements.

It is hereby **ORDERED** that, in light of Plaintiff's pro se status, Plaintiff may file a proposed Third Amended Complaint by **July 26, 2024**.  The Third Amended Complaint should include a short and plain statement of Plaintiff's claims.  To the extent possible, the Third Amended Complaint should present a chronological account of the incidents that Plaintiff thinks form the basis for his claims.  It should also, to the extent possible, identify which Defendant(s) were involved in each incident.  Plaintiff is apprised that at this stage in the litigation, he need not submit documentary evidence in support of his Complaint, and that any Third Amended Complaint need only provide a statement of facts that are the basis for his claim(s)—in other words, a brief account of what he alleges Defendants did to him.  Plaintiff is further apprised that, if the Complaint survives any further motion to dismiss, he will have the chance at that time to submit evidence, including records, in support of his allegations.  Finally, Plaintiff is apprised that because he proceeds *pro se,* his submissions will be construed liberally to raise the strongest

arguments that they suggest.  If no proposed Third Amended Complaint is received by July 26, 2024, the Court will dismiss the case with prejudice.

In light of the above, it is hereby **ORDERED** that Defendants' motion to dismiss is **DENIED** without prejudice to renewal.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

SO ORDERED.

Dated: June 14, 2024
  New York, New York

DALE E. HO
United States District Judge