UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEQUAN REYES,<br><br>                Plaintiff,<br><br>                v.<br><br>THE CITY OF NEW YORK, et al.,<br><br>                Defendants. | 23 Civ. 1145 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On December 8, 2023, Defendants moved to dismiss the Second Amended Complaint (the "SAC"). See ECF No. 52. In substance, Defendants argue that the SAC fails to comply with Rule 8,[1] which requires that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In response, Plaintiff filed a letter which the Court construed as a request for leave to further amend in the event that Defendants' motion is granted. See ECF No. 59. An order issued June 14, 2024, held that the SAC does not comply with Rule 8, but allowed Plaintiff to file a proposed Third Amended Complaint to remedy these deficiencies.

Also on June 14, 2024, the District's *Pro Se* office docketed a document titled "Amended Complaint" received from Plaintiff. See ECF No. 61. The Court construes this as Plaintiff's proposed Third Amended Complaint (the "TAC").

Because Plaintiff proceeds *pro se*, his submissions are construed liberally and interpreted to raise the strongest arguments that they suggest. *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022). "[I]n *pro se* cases . . . dismissal is disfavored unless the complaint is so confused,

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Kalderon v. Finkelstein*, 495 F. App'x 103, 106 (2d Cir. 2012).

Even in light of the special solicitude afforded to the submissions of *pro se* litigants, the proposed TAC does not comply with Rule 8's requirement to provide a short and plain statement of Plaintiff's claims. While it is shorter than the SAC, the TAC consists of fifty-eight pages, though some are blank or crossed out, and still contains a surfeit of detail that prevents it from offering a short and plain statement of Plaintiff's claims against Defendants. *See Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir.2006) ("The District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a). The pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain."); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) ("Salahuddin's complaint fails to comply with Rule 8's short and plain statement requirement. It spans 15 single-spaced pages and contains explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights; it contains a surfeit of detail."). Accordingly, Plaintiff's motion to file the TAC is **DENIED**, on grounds of futility, because the TAC retains the same problems as the SAC—that is, it fails to offer a short and plain statement of the claims against Defendants.

It is hereby **ORDERED** that, in light of Plaintiff's *pro se* status, Plaintiff may file a proposed Fourth Amended Complaint by **August 9, 2024**. The Fourth Amended Complaint should include a short and plain statement of Plaintiff's claims. To the extent possible, the Fourth Amended Complaint should present a brief chronological account of the incidents that Plaintiff thinks form the basis for his claims. It should also, to the extent possible, identify which Defendant(s) were involved in each incident. Plaintiff is apprised that at this stage in the litigation, he need not submit documentary evidence in support of his Complaint, and that any

Fourth Amended Complaint need only provide a statement of facts that are the basis for his claim(s)—in other words, a brief account of what he alleges Defendants did to him.  Plaintiff is further apprised that, if the Complaint survives any further motion to dismiss, he will have the chance at that time to submit evidence, including records, in support of his allegations.  Finally, Plaintiff is apprised that because he proceeds *pro se*, his submissions will be construed liberally to raise the strongest arguments that they suggest.  If no proposed Fourth Amended Complaint is received by August 9, 2024, the Court will dismiss the case with prejudice.

       The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

       SO ORDERED.

Dated: June 17, 2024
       New York, New York

                              DALE E. HO
                              United States District Judge