UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEQUAN REYES,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF NEW YORK et al.,<br><br>         Defendants. | 23 Civ. 1145 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Currently before the Court is a Motion to Dismiss Plaintiff DeQuan Reyes's Fourth Amended Complaint[1] filed by Defendants City of New York, Eric Adams, Charlton Lemon, Louis Molina, Preston Ritter, Przemyslaw Wobsik, Kevin Young, Jimmy Guan, Thomas Griffin, Tyrone Carter, Antoinette Cort, Willie McNeil, Tyneka Greene, Moise Rivera, Joanne Matos, Tiffany Morales, Dawlin Rodriguez, Diashawn Harris, and Abraham Palermo (collectively, "Defendants").[2] Defendants seek to dismiss the Fourth Amended Complaint pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure.[3] For the reasons explained below, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND

  The procedural history of this case is set forth in the Court's Orders dated June 14, 2024,[4] and June 17, 2024.[5] The Court assumes the parties' familiarity with these Orders. For purposes of deciding the pending Motion to Dismiss, the Court notes that Mr. Reyes, who is incarcerated

---

[1] Fourth Amended Complaint, ECF No. 68.

[2] Motion to Dismiss, ECF No. 72.

[3] All subsequent references to Rules are to the Federal Rules of Civil Procedure.

[4] June 14, 2024 Order, ECF No. 62.

[5] June 17, 2024 Order, ECF No. 63.

and is proceeding *pro se*, has filed four complaints since this case began. Mr. Reyes filed his initial Complaint on February 9, 2023.[6] He then filed his First Amended Complaint on March 23, 2023.[7] After that, the Court held an initial pretrial conference.[8] The following day, the Court issued an order directing Mr. Reyes "to either file any additional pages that [he] would like to add to [his] Complaint or a Second Amended Complaint to replace the First Amended Complaint."[9] Mr. Reyes then filed a document that consisted of the First Amended Complaint plus additional facts Mr. Reyes submitted in response to the court's order.[10] The Court considered this to be his Second Amended Complaint.

After Mr. Reyes filed his Second Amended Complaint, this case was reassigned to the undersigned.[11] Defendants then moved to dismiss the Second Amended Complaint, alleging that it failed to comply with Rule 8.[12] Mr. Reyes responded by filing a letter, which the Court understood to be a request for permission to further amend his Complaint if Defendants' motion was granted.[13] In the end, the Court issued an order that held that Mr. Reyes's Second Amended Complaint did not comply with Rule 8's requirement to provide a short and plain statement of his claims against the Defendants.[14] The Order gave Mr. Reyes permission to file a Proposed Third

---

[6] Complaint, ECF No. 1.

[7] First Amended Complaint, ECF No. 7.

[8] Minute Entry, June 28, 2023.

[9] June 14, 2024 Order at 1 (citing June 29, 2023 Order, ECF No. 38).

[10] *Id.* (citing July 24, 2023 Order, ECF No. 41).

[11] Minute Entry, October 20, 2023.

[12] *See* Motion to Dismiss, ECF No. 53; Memorandum of Law in Support of Motion to Dismiss, ECF No. 53.

[13] February 26, 2024 Memorandum Endorsement, ECF No. 59.

[14] June 14, 2024 Order at 2.

Amended Complaint to correct the errors in his Second Amended Complaint—in other words, the Court gave Mr. Reyes another chance to file a complaint that complied with Rule 8.

Mr. Reyes filed a Proposed Third Amended Complaint on June 14, 2024.[15] After reviewing the Proposed Third Amended Complaint, the Court determined that it "d[id] not comply with Rule 8's requirements to provide a short and plain statement of Plaintiff's claims" against the Defendants.[16] So the Court denied Mr. Reyes's motion for leave to file the Third Amended Complaint.[17] But the Court said that Mr. Reyes could have another chance to fix his complaint. The Court directed Mr. Reyes to do several things in his new complaint—the Proposed Fourth Amended Complaint—including:

- "Include a short and plain statement of [his] claims."
- "Present a brief chronological account of the incidents that Plaintiff thinks form the basis for his claims."
- "Identify which Defendant(s) were involved in each incident."
- "Provide a statement of facts that are the basis for his claim(s)—in other words, a brief account of what he alleges Defendants did to him."[18]

Mr. Reyes then filed his Fourth Amended Complaint on September 23, 2024.[19] His Fourth Amended Complaint is the "operative Complaint," which means that it is the pleading the Court now considers in deciding Defendants' Motion to Dismiss. The Fourth Amended Complaint accuses Defendants of violating 42 U.S.C. § 1983 based on several incidents of violence and

---

[15] Proposed Third Amended Complaint, ECF No. 61. This document is erroneously titled "Second Amended Complaint."

[16] June 17, 2024 Order at 2.

[17] *Id.*

[18] *Id.* at 2-3.

[19] Fourth Amended Complaint, ECF No. 68.

discrimination Mr. Reyes suffered while incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island.[20]

## LEGAL STANDARDS

Rule 8 of the Federal Rules of Civil Procedure says that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[21] "It requires 'each allegation [to] be simple, concise, and direct' to 'give the defendant fair notice of what the claim is and the ground upon which it rests.'"[22] Courts may dismiss complaints that fail to comply with this requirement, but dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"[23] Moreover, "in *pro se* cases[,] . . . dismissal is disfavored,"[24] and it is "well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."[25]

Unless otherwise stated, the facts as alleged in the Fourth Amended Complaint and are assumed to be true solely for purposes of adjudicating Defendants' motion.[26]

---

[20] *See id.*

[21] Federal Rule of Civil Procedure 8(a)(2).

[22] *Gilani v. Deloitte LLP*, No. 23 Civ. 4755, 2024 WL 4042256, at *1 (S.D.N.Y. Sept. 4, 2024) (first quoting Federal Rule of Civil Procedure 8(d)(1); then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[23] *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

[24] *Kalderon v. Finkelstein*, 495 F.App'x 103, 106 (2d Cir. 2012).

[25] *Saeli v. Chautauqua Cnty., N.Y.*, 36 F.4th 445, 457 (2d Cir. 2022).

[26] *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

## DISCUSSION

### I. Application of Rule 8 to Mr. Reyes's Fourth Amended Complaint

Defendants' Motion to Dismiss is denied because Mr. Reyes's Fourth Amended Complaint, which is held to a less stringent standard than a formal pleading drafted by a lawyer,[27] gives the Defendants "fair notice of the claim[s] asserted so as to enable [them] to answer and prepare for trial."[28] The Fourth Amended Complaint presents Defendants with short, plain, numbered paragraphs recounting, with specificity, various incidents constituting violations of Mr. Reyes's constitutional rights.[29] The Court has no issue understanding its "true substance," and Mr. Reyes's argument is cogent. The cognizable allegations in the Fourth Amended Complaint list the date of the alleged incident and the Defendant(s) implicated. In sum, having liberally construed Mr. Reyes's Fourth Amended Complaint and interpreted it "to raise the strongest arguments that [it] suggest[s],"[30] the Court holds that dismissal under Rule 8 is not warranted.

### II. The Allegations in Mr. Reyes's Fourth Amended Complaint

Mr. Reyes "brings [his] action seeking damages pursuant to 42 U.S.C. §1983."[31] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

---

[27] *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[28] *Salahuddin*, 861 F.2d at 42.

[29] *See Kumaran v. Nat'l Futures Ass'n*, No. 20 Civ. 3668, 2023 WL 9603881, at *2 (S.D.N.Y. Dec. 20, 2023) ("Pursuant to Federal Rule of Civil Procedure 8, pleadings must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief."), *report and recommendation adopted sub nom. Kumaran v. Kadlec*, No. 20 Civ. 3668, 2024 WL 3448107 (S.D.N.Y. July 9, 2024).

[30] *Saeli*, 36 F.4th at 457.

[31] Fourth Amended Complaint ¶ 2.

shall be liable to the party injured . . . ."[32] Section 1983 is not, on its own, "a source of substantive rights."[33] Instead, it is "a method for vindicating federal rights elsewhere conferred by . . . the United States Constitution and federal statutes."[34] Therefore, to win on a Section 1983 claim, a plaintiff has to do two things: show that the "conduct challenged [was] committed by a person acting under color of state law" (for example, a corrections office) and show that "the conduct complained of . . . deprived [him] of rights, privileges or immunities secured by the Constitution of laws of the United States."[35]

Liberally construed, and interpreted to raise the strongest arguments it suggests, Mr. Reyes's Fourth Amended Complaint presents Section 1983 claims based on violations of his First and Eighth Amendment rights.

### A. First Amendment Claims

Mr. Reyes's Section 1983 claim regarding Defendants' interference with his practicing his religion is grounded in the First Amendment's Free Exercise Clause. "The religion clauses of the First Amendment, applicable to the states through the Fourteenth Amendment, provide that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'"[36] These clauses apply to those who are incarcerated.[37] Thus, an infringement

---

[32] 42 U.S.C. §1983.

[33] *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

[34] *Id.*

[35] *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

[36] *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting U.S. Const. amend. I).

[37] *See id.* at 127 ("'[P]risoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison.' 'Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion.' Indeed, 'prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause.'" (first quoting *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); then quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); and then quoting *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003)).

on a prisoner's free exercise of his religious beliefs "is permissible only if it is reasonably related to legitimate penological interests."[38] Here, the Fourth Amended Complaint alleges multiple incidents where Mr. Reyes was prevented from observing his Muslim faith, including when his Qur'an was seized by Defendant McNeil on November 8, 2022,[39] and when he "was not given any Halal meals pursuant to his religious Islamic dietary practice" and "Defendants ignored [his] requests" to be provided such meals.[40] Additionally, the Fourth Amended Complaint alleges that "Defendant ADW Harris ordered Defendant Captain Taylor that Plaintiff was not allowed to . . . be given his Halal religious diet because he was responsible for calling 311 daily and telling the 311 operators what happens" at Rikers Island.[41] This could give rise to a claim for retaliation under the First Amendment.[42] Ultimately, at this stage of litigation, and where Defendants have not filed any substantive opposition to the Fourth Amended Complaint,[43] Mr. Reyes's pleading—liberally construed and read to present the strongest argument is suggests—appears to present a Section 1983 claim based on Defendants' violation of his First Amendment rights.

---

[38] *Kravitz*, 87 F.4th at 128.

[39] Fourth Amended Complaint ¶ 39; *see also id.* ¶ 45.

[40] *Id.* ¶ 40; *see also id.* ¶ 64 ("On February 1, 2023 Defendant AWD Harris threatened Plaintiff at roughly 2pm, telling Plaintiff that he would have SRT kill Plaintiff if he didn't go to his cell and stop crying about his Muslim food. Defendant Harris expressed that she 'didn't give a fuck' about Plaintiff's religion and that due to the Court Ordered Lockdown that Plaintiff was subject to Plaintiffs are only supposed to practice Christian religion, as such all food should be ok for Plaintiff to eat.").

[41] *Id.* ¶ 63.

[42] *See Walker v. Senecal*, 130 F.4th 291, 298 (2d Cir. 2025) ("To sustain a claim for retaliation in violation of the First Amendment under § 1983, a prisoner must demonstrate (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."). If a Defendant refused to give Mr. Reyes his Halal meal *because* he complained about prison conditions to 311, that Defendant might be liable under Section 1983.

[43] That is, Defendants' Motion to Dismiss is not filed pursuant to, for example, Rule 12(b)(6).

## B. Eighth Amendment Claims

Mr. Reyes's Section 1983 claim alleging that Defendants physically and sexually abused him, tampered with his meals, and denied him medical treatment is grounded in the Eighth Amendment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[44] "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners."[45] "The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"[46]

Several incidents in the Fourth Amended Complaint might plausibly support a Section 1983 claim for violation of Mr. Reyes's Eighth Amendment rights. For example, the incident on May 20, 2023, where Defendant Cox and Defendant Wallcot are alleged to have allowed and encouraged another incarcerated person to attack Mr. Reyes by, *inter alia*, "rub[bing] feces on Plaintiff's face, chest, . . . cell, Quran, and prayer rug" and then "st[icking] his hand, covered in feces, inside Plaintiff's boxe[r]s, and punch[ing] Plaintiff below the belt,"[47] could plausibly give rise to an Eighth Amendment conditions of confinement claim, because "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."[48] The incidents on March

---

[44] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).

[45] *Id.* (quoting U.S. Const. amend. VIII).

[46] *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

[47] Fourth Amended Complaint ¶ 88. The Fourth Amended Complaint alleges that, while Mr. Reyes was being "attacked" by the other inmate, "Defendant Wallcot just sat, watched and laughed, without telling [that other inmate] to stop or intervening in any other way." *Id.*

[48] *Farmer*, 511 U.S. at 833.

1, 2023, where Mr. Reyes allegedly saw spit in his food after Defendant Bros told him that his food was "nice and ready,"[49] and on March 19, 2023, where Defendant Bros is alleged to have "bragged to Plaintiff about how he ha[d] been spitting in Plaintiff's food since he met Plaintiff,"[50] also may plausibly give rise to an Eighth Amendment conditions of confinement claim.[51]  And the incident on September 22, 2022, where Defendant Henry allegedly "stepped into Plaintiff's cell[,] . . . stuck her hand inside [his] boxers," and sexually assaulted him also could give rise to an Eighth Amendment Section 1983 claim, because "[a] correction officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment."[52]

There are other various incidents of physical violence Mr. Reyes allegedly suffered at the hands of prison employee Defendants, including:

- The incident on June 23, 2021, where Defendant Morris is alleged to have "pulled hard on Plaintiff's handcuffed hands, and with the help of other officers[,] slammed Plaintiff to the floor," chipping his tooth and cutting his chin in the process.[53]

- The incident on January 22, 2022, where Defendant Carter is alleged to have "ordered GRVC Staff to rush into Plaintiff's cell" and watched as "[t]hese officers began punching and kicking" Mr. Reyes.[54]

---

[49] Fourth Amended Complaint ¶ 81.

[50] *Id.* ¶ 85.

[51] *See, e.g., Robles v. Coughlin*, 725 F.2d 12, 15 (2d. Cir. 1983) ("[T]he Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it."); *id.* at 16 (holding that allegation prison officials contaminated inmates' food with "dust, rocks, glass and human waste" was "sufficient to withstand dismissal of a section 1983 complaint").

[52] *Hayes v. Dahlke*, 976 F.3d 259, 275 (2d Cir. 2020); *see also id.* at 274 ("[T]he Eighth Amendment is offended by conduct that is repugnant to the conscience of mankind.").

[53] Fourth Amended Complaint ¶¶ 18-19.

[54] *Id.* ¶ 22.

- The incident on November 16, 2022, where Defendants Ritter and Young allegedly "assaulted Plaintiff by slamming Plaintiff against the wall and metal bed frame, choking him until he couldn't breathe, twisting Plaintiff's arm until he heard it pop, punching Plaintiff in the jaw twice, and sticking two fingers in Plaintiff's rectum while screaming at Plaintiff."[55]

- The incident on December 1, 2022, there Defendants McNeil and Young are alleged to have "attacked Plaintiff on the DOC bus while he was handcuffed being transported to [the] West Facility. Defendant McNeil [allegedly] suddenly stood and started punching Plaintiff in the belly and ribs. He then [allegedly] snatched [a different inmate's] cane and used it to strike" Mr. Reyes.[56]

These allegations may also substantiate Mr. Reyes's Section 1983 Eighth Amendment claim—specifically an Eighth Amendment excessive force claim—because the prohibition on "cruel and unusual punishment" includes, *inter alia*, "the unnecessary and wanton infliction of pain."[57]

In sum, and as stated by the Court *supra* regarding Mr. Reyes's Section 1983 First Amendment claim, the Fourth Amended Complaint—liberally construed and read to present the strongest argument is suggests—clearly presents a Section 1983 claim based on Defendants' violation of his Eighth Amendment rights.

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss is **DENIED**. To be sure, the Court takes no position on the strength of Mr. Reyes's claims, or whether they would survive a properly filed motion to dismiss under Rule 12(b)(6). The Court simply holds that the Fourth Amended Complaint, read liberally to present the strongest arguments it suggests, may adequately plead one or more Section 1983 claims with sufficient clarity to survive a motion to dismiss brought pursuant to Rule 8.

---

[55] *Id.* ¶ 42.

[56] *Id.* ¶ 50.

[57] *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

While the Court concludes that the Fourth Amended Complaint is sufficiently cogent to satisfy the pleading requirements of Rule 8, it is unclear to the Court, in absence of adversarial testing, whether the Fourth Amended Complaint is substantively sufficient to satisfy other requirements, including under Rule 12(b)(6). This motion is therefore denied without prejudice to Defendants filing a substantive motion to dismiss on other grounds, including failure to state a claim under Rule 12(b)(6).

By **October 14, 2025,** Defendants shall answer or otherwise respond to the Fourth Amended Complaint, such as by filing a motion to dismiss under Rule 12(b)(6).

The Clerk of Court is respectfully requested to terminate ECF No. 72 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 23, 2025

       New York, New York

DALE E. HO  
United States District Judge
