UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEQUAN REYES, Plaintiff, v. CITY OF NEW YORK et al., Defendants. | 23 Civ. 1145 (DEH) **MEMORANDUM OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Currently before the Court is Defendants' Motion to Dismiss[1] Plaintiff DeQuan Reyes's Fourth Amended Complaint[2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] For the reasons explained below, Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

The procedural history of this case is set forth in the Court's Orders dated June 14, 2024,[4] June 17, 2024,[5] and September 23, 2025.[6] The Court assumes the parties' familiarity with these Orders. For purposes of deciding the pending Motion to Dismiss, the Court notes that it denied a previous motion by Defendants to dismiss this matter under Rule 8,[7] without prejudice to a subsequent motion under Rule 12(b)(6). Defendants have now filed such a motion, which the Court now considers.

---

[1] Motion to Dismiss, ECF No. 97.

[2] Fourth Amended Complaint ("FAC"), ECF No. 68.

[3] All subsequent references to Rules are to the Federal Rules of Civil Procedure.

[4] June 14, 2024 Order, ECF No. 62.

[5] June 17, 2024 Order, ECF No. 63.

[6] September 23, 2025 Order, ECF No. 91.

[7] *See id.*

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6),[8] a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[9] A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10] A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff."[12] However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"[13]

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."[14] "Nonetheless, a *pro se* complaint must state a plausible claim for relief."[15] In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it."[16]

---

[8] All references to Rules are to the Federal Rules of Civil Procedure.

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id.* (citing *Twombly*, 550 U.S. at 556).

[12] *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

[13] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 107 (2d Cir. 2021) (quoting *Twombly*, 550 U.S. at 555).

[14] *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

[15] *Id.*; *accord Walker v. Kosann*, No. 23 Civ. 4409, 2024 WL 922642, at *7 (S.D.N.Y. Feb. 16, 2024) ("[E]ven pro se plaintiffs' claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level."), *report and recommendation adopted*, 2024 WL 923314 (S.D.N.Y. Mar. 4, 2024).

[16] *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

Mr. Reyes brings claims under 42 U.S.C. § 1983 for violations of his First and Eighth Amendment rights, alleging, among other things, interference with practicing his religion and physical abuse stemming from events ranging from around October 10, 2020 to September 25, 2023 at Rikers Island. His claims are subject to the administrative exhaustion requirements of the Prisoner Litigation Reform Act ("PLRA"), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[17] The Supreme Court has held that this "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."[18] It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[19] "[T]he exhaustion of administrative remedies is mandatory," and an inmate may not bring a covered action "absent exhaustion of available administrative remedies."[20] A district court "may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement."[21]

Courts in this District have described the administrative remedies available at Rikers Island, where the events underlying Mr. Reyes's complaint took place, as follows:

> At Rikers Island, grievance procedures are governed by the Inmate Grievance and Request Program ("IGRP"). . . . The IGRP involves four steps: 1) submission of a complaint for

---

[17] 42 U.S.C. § 1997e(a).

[18] *Porter v. Nussle*, 534 U.S. 516, 520 (2002).

[19] *Id.* at 532.

[20] *Moore v. Booth*, 122 F.4th 61, 68 (2d Cir. 2024) (internal quotation marks and citations omitted).

[21] *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

> informal resolution; 2) in the event an informal resolution is not reached within five days, request of a formal hearing; 3) appeal to the commanding officer; and 4) appeal to the Central Office Review Committee.[22]

"The inmate must take each of the four steps to exhaust the administrative grievance process."[23]

Here, Mr. Reyes's claims must be dismissed for failure to comply with the PLRA's exhaustion requirement. As Defendants note, Mr. Reyes appears to allege that he filed a grievance for at least some of the incidents underlying his claims.[24] It is unclear from the Fourth Amended Complaint that he did so with respect to all of the incidents. But more importantly, there is no indication in the Fourth Amended Complaint or elsewhere that he took steps two through four of the grievance process available at Rikers Island for any of the incidents in question.[25] While a plaintiff has no affirmative obligation to plead exhaustion in a complaint, Defendants represent that Mr. Reyes did not complete all of the requisite steps to administratively exhaust his claims and Mr. Reyes had an opportunity to respond to Defendants' argument on this point in his Opposition to the motion to dismiss, but he did not dispute that he failed to take steps two through four of the administrative remedies available at Riker's Island.[26] He has effectively conceded failure to take these steps, which warrants dismissal of this action.

**CONCLUSION**

For the reasons explained above, Defendants' Motion to Dismiss is **GRANTED**.

---

[22] *See, e.g.*, *Hickman v. City of New York*, No. 20 Civ. 4699, 2021 WL 3604786, at *3 (S.D.N.Y. Aug. 12, 2021).

[23] *Sanders v. City of New York*, No. 16 Civ. 7426, 2018 WL 3117508, at *4 (S.D.N.Y. June 25, 2018).

[24] *See* FAC ¶¶ 7, 30, 59, 62, 67, 75, 76, and 84; Mem. L. Supp. Mot. to Dismiss at 7, ECF No. 98.

[25] *See generally* FAC.

[26] *See generally* Pl.'s Opp. to Mot. to Dismiss, ECF No. 103.

Generally, a dismissal for failure to exhaust administrative remedies is without prejudice.[27] "However, dismissal of a section 1983 complaint with prejudice is proper where the prisoner failed to exhaust administrative remedies available after a period of several months and those remedies are no longer available, partly because of the prisoner's being transferred to another correctional facility."[28] The events underlying this case took place while Mr. Reyes was in New York City Custody while incarcerated at Riker's Island; but as the docket reflects, he is now in New York State Custody at the Lakeview Shock Incarceration Correctional Facility. The Second Circuit has held that where, as here, a plaintiff had ample opportunity to pursue administrative remedies while in New York City custody, failed to do so, and then was transferred to New York State custody such that the relevant New York City administrative remedies are no longer available, dismissal with prejudice is proper.[29] Accordingly, and in light of the fact that Mr. Reyes has already amended his complaint four times, the Court directs that this case be **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully requested to terminate ECF No. 97, to close this case, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 31, 2026

New York, New York

DALE E. HO
United States District Judge

---

[27] *See Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999).

[28] *Davis v. Reilly*, 324 F. Supp. 2d 361, 366 (E.D.N.Y. 2004).

[29] *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004).